IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                        )<br>                        Plaintiff,          )<br>                                                        )<br>        vs.                                        )<br>                                                        )<br>GARY DEAN BATES,                 )<br>                                                        )<br>                        Defendant.      ) | Case No. 4:06CR3050<br><br>**TENTATIVE**<br>**FINDINGS** |

   I am in receipt of the revised presentence investigation report and addendum in this case. Except for the defendant's objection regarding use of the weapon for sporting purposes and related motion for departure or deviation and his request for a concurrent sentence (filing 24), there are no objections or motions for departure or variance.

   IT IS ORDERED that:

   (1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objection, related motion for departure or deviation, and request for a concurrent sentence (filing 24) is denied.[1] In this regard, I add the following:

A. Even if all the facts recited in the defendant's motion and brief (filings 24 and 25) are true, the defendant pawned the weapon and never personally used it for sporting purposes. Having pawned the weapon, he could have retrieved it. Still further, even if I assume that his friend only allowed her old boyfriend to use the weapon to shoot at "varmints" and even if I assume that the defendant did not fire the weapon, such facts do not reduce the *risk* of harm posed by the defendant's possession of the very dangerous semiautomatic rifle[2] for the purposes of consummating a commercial transaction entirely unrelated to sport.

B. Even if all the facts recited in the defendant's motion and brief are true (filings 24 and 25), those facts do not warrant a departure or deviation resulting in a lower sentence. Among other things, the defendant's criminal history score (19 points and category VI), with convictions for weapons offenses (PSR ¶¶ 41, 42, 44) and violence (PSR ¶¶ 51, 52, 54, 56), together with his mental health and drug addiction problems (PSR ¶¶ 78-79), make clear that a sentence less than called for under the advisory Guidelines, and after considering all of the statutory goals of sentencing, is unwarranted. Mr. Bates is a very dangerous man.

C. The defendant's sentence in this case must be served consecutive to the multiple driving under suspension convictions. With a criminal history score of VI, and repeated convictions involving weapons,

---

[1] The defendant does not challenge the facts recited in the presentence report. (PSR)

[2] A Sturm Ruger, .223 Mini-14.

-2-

violence, drugs and alcohol, a concurrent sentence would depreciate the seriousness of both this offense and the driving under suspension convictions. In short, a concurrent sentence would not serve to impose the appropriate level of incremental punishment.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 12, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge